IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

JUSTIN BRADLEY PELOT                                                                      PLAINTIFF

V.                                                             CIVIL ACTION NO. 1:15-CV-76-SA-DAS

CRITERION 3, LLC, and
GARY CONNER                                                                              DEFENDANTS

MEMORANDUM OPINION

Justin Bradley Pelot initiated this action to recover for eviction and termination by his landlord and employer Criterion 3, LLC and its vice president Gary Conner. Plaintiff pursues various state law theories, as well as a theory of unlawful retaliation in violation of the Fair Housing Act of 1968. 42 U.S.C. § 3601, *et. seq.* Defendants filed a Motion to Dismiss [6] Pelot's Fair Housing Act claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has considered the complaints,[1] motion, responses, and relevant authorities, and finds as follows:

*Factual and Procedural Background*

Defendant Criterion owns the apartment complex, The Pointe at MSU, located in Starkville, Mississippi near the campus of Mississippi State University. Plaintiff leased an apartment at The Pointe and also worked for Criterion as a minimum wage auditor while earning his accounting degree from Mississippi State. Instead of receiving monetary compensation for his auditing services, Plaintiff was paid with an offset against his rent.

In February 2015, Plaintiff's apartment was burglarized, and his roommate was allegedly a suspect. After the burglary, "Plaintiff investigated as to who may have had access to keys" and "whether appropriate background checks were being made upon residents and employees."

---

[1] Subsequent to Defendants' motion, Plaintiff has twice amended his complaint. Defendants insist that even with the amendments, the complaint does not state a claim for which relief can be granted.

Plaintiff allegedly discovered, among other things, that Criterion did not perform a background check on his roommate or on an alleged sex offender who lived at The Pointe and worked for Criterion.

Following his investigation, Plaintiff composed a letter to Criterion, writing that its practices, including the failure to perform background checks on all of its residents, violated the Fair Housing Act. According to the amended complaint, Defendant Gary Conner, Criterion's corporate vice president, then called Plaintiff and expressed outrage at Plaintiff's written assertions. Shortly thereafter, Criterion's counsel informed Plaintiff by letter that he was evicted and his employment was terminated.

Plaintiff commenced this action, pursuing state law claims, and alleging that Criterion retaliated against him for advocating against unlawful housing practices within the meaning of the Fair Housing Act. Defendants moved to dismiss the Fair Housing Act retaliation claim, contending that Plaintiff's letter did not qualify as activity protected by the Fair Housing Act, as Plaintiff did not complain of any housing practice that discriminated on the basis of "race, color, religion, sex, familial status, or national origin." 42 U.S.C. §§ 3604, 3617. In its response, Plaintiff conceded that "Defendant is correct as to Plaintiff's original complaint[,]" but Plaintiff subsequently amended his complaint in an effort to remedy the pleading deficiency.

Plaintiff's amended complaint asserts that during the aforementioned conversation with Conner, Plaintiff stated that "allowing sex offenders to reside at the apartments was a danger to all female residents of The Pointe." This statement, Plaintiff argues, relates to gender discrimination in housing, and is thus protected by the Fair Housing Act. In spite of Plaintiff's amendment, Defendants maintain that no protected activity has been alleged, and that Plaintiff's retaliation claim must be dismissed.

*Motion to Dismiss Standard*

In order to survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). A claim is plausible if it contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*, 129 S. Ct. 1937. As a general rule, "when ruling on a Rule 12(b)(6) motion to dismiss, the district court may not look beyond the pleadings." *Hicks v. Lingle*, 370 F. App'x 497, 498 (5th Cir. 2010) (citing *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994)).

Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re McCoy*, 666 F.3d 924, 926 (5th Cir. 2012), *cert. denied*, 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012), (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the Court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937.

*Discussion and Analysis*

The Fair Housing Act, enacted as Title VIII of the Civil Rights Act of 1968, effectuates the Congressional policy of achieving "truly integrated and balanced living patterns." *Trafficante v. Metropolitan Life Ins. Co.*, 409 U.S. 205, 212, 93 S. Ct. 364, 34 L. Ed. 2d 415 (1972) (quotation and citation omitted). Three specific provisions of the Act bear on the Court's analysis

in this case. Section 3617 makes it is illegal "to coerce, intimidate, threaten, or interfere with any person in the exercise of enjoyment of . . . or on account of his having *aided or encouraged* any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606" of the Fair Housing Act. (emphasis added). Section 3604(a) prohibits making unavailable or denying "a dwelling to any person because of race, color, religion, sex, familial status, or national origin." And Section 3604(b) makes it unlawful to "discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling because of race, color, religion, sex, familial status, or national origin."

To state a retaliation claim under Section 3617 as Plaintiff seeks to do here, he must establish (1) that he was engaged in an activity protected by the Fair Housing Act; (2) that Criterion took adverse action against him; and (3) that a causal connection existed between the protected activity and the adverse action. *N.A.A.C.P. v. City of Kyle, Tex.*, No. A-05-CA-979-LY, 2009 WL 6574497, at *4 (W.D. Tex. Mar. 20, 2009) (citing *DuBois v. Ass'n of Apartment Owners of 2987 Kalakaua*, 453 F.3d 1175, 1180 (9th Cir. 2006), *cert. denied*, 549 U.S. 1216, 127 S. Ct. 1267, 167 L. Ed. 2d 92 (2007)). For purposes of their motion to dismiss, Defendants solely argue that Plaintiff has failed to allege a protected activity under the Fair Housing Act.

Plaintiff contends that he engaged in protected activity by protesting Criterion's failure to exclude sex offenders from its premises, and by explaining that Criterion's inaction endangered women. Plaintiff has not stated in his amended complaint, nor does he argue in response to this motion, that the failure to conduct background checks actually violated Section 3604(a) or (b) Fair Housing Act. Rather, he urges that his "reasonable belief" of unlawful gender discrimination qualifies as protected activity under Section 3617.

At least two federal district courts outside the Fifth Circuit have applied the "reasonable belief" standard from Title VII by analogy to Fair Housing Act retaliation claims, even though the language of Title VII's anti-retaliation provision is different from that of Section 3617 of the Fair Housing Act.[2] *Ponce v. 480 E. 21st St., LLC*, No. 12-CV-4828-ILG, 2013 WL 4543622, at *3 (E.D.N.Y. Aug. 28, 2013); *Broome v. Biondi*, 17 F. Supp. 2d 211, 219 (S.D.N.Y. 1997). Under Title VII, an employee who opposes an unlawful employment practice is protected so long as she possesses a "'reasonable belief' that the employer was engaged in unlawful employment practices." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 348 (5th Cir. 2007) (citing *Byers v. Dallas Morning News*, 209 F.3d 419, 428 (5th Cir. 2000)).

In the Fifth Circuit, however, it is less clear whether a "reasonable belief" of unlawful conduct is sufficient to trigger Section 3617's protections. An unreported decision suggests that an *actual* violation of the Fair Housing Act is an essential condition to recovery under Section 3617. *McZeal v. Ocwen Financial Corp.*, 252 F.3d 1355, *2 (5th Cir. 2001) ("Because his § 3605 claim fails, [Plaintiff's] claim under § 3617 must also fail."). And citing *McZeal*, the Sixth Circuit stated: "the Fifth Circuit ha[s] held that a violation of §§ 3603-3606 is indispensable to a § 3617 claim."[3] *Hidden Village, LLC v. City of Lakewood, Ohio*, 734 F.3d 519, 529 (6th Cir. 2013). Thus, within the Fifth Circuit, Section 3617 arguably does not protect one who advocates against practices that he reasonably but erroneously believes violate the Fair Housing Act.

---

[2] Title VII makes it unlawful "to discriminate against" an employee "because he has opposed any practice made an unlawful employment practice" under the statute. 42 U.S.C. § 2000e-3(a). As stated above, under the Fair Housing Act, it is illegal "to coerce, intimidate, threaten, or interfere with" a person "on account of his having aided or encouraged" another "in the exercise or enjoyment" of rights afforded by the Fair Housing Act. 42 U.S.C. §3617.

[3] The Sixth and Seventh Circuits have both rejected this holding in *McZeal*, explaining that Section 3617 could support a freestanding cause of action, even where no other Fair Housing Act violation is identified. *Bloch v. Frischholz*, 587 F.3d 771, 781 (7th Cir. 2009) (en banc); *Hidden Village, LLC v. City of Lakewood, Ohio*, 734 F.3d 519, 528-29 (6th Cir. 2013).

Even if the "reasonable belief" standard were available for Fair Housing Act retaliation claims, Plaintiff's complaint falls short. A belief of discrimination "is not reasonable if the law is settled that the . . . practice complained of is not unlawful . . . ." *Kummerle v. EMJ Corp.*, 3:11-CV-2839-SAF, 2012 WL 2995065, at *4 (N.D. Tex. July 23, 2010) (granting motion for judgment on the pleadings and noting "[a] plaintiff's belief is not objectively reasonable if the law is settled that the . . . practice complained of is not unlawful . . . ."), *aff'd*, 538 F. App'x 373, 374 (5th Cir. 2013); *Wilson v. Delta State Univ.*, 143 F. App'x 611, 613 (5th Cir. 2005) (holding that a belief of discrimination contrary to "settled law in this Circuit" was objectively unreasonable); *see also Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 270-71, 121 S. Ct. 1508 (2001) ("No reasonable person could have believed that the single incident [of complained sexual harassment] violated Title VII's standard."); *Satterwhite v. City of Houston*, 602 F. App'x 585, 588 (5th Cir. 2015) ("No reasonable person would believe that the single 'Heil Hitler' incident [in the workplace] is actionable under Title VII."). As previously discussed, Plaintiff orally claimed that Criterion's failure to conduct background checks endangered women, and even cited the Fair Housing Act in his letter. But these charges, even if true, would not constitute Fair Housing Act discrimination.

The Fifth Circuit and district courts within it have held that the relevant provisions of the Fair Housing Act, Sections 3604 and 3617, prohibit discrimination related to the *availability*, and not merely the *habitability*, of housing. *Cox v. City of Dallas, Tex.*, 430 F.3d 734, 741, 746 (5th Cir. 2005) (holding that Section 3604(a) and (b) do not apply to claims for mere decreased "value" or "habitability"); *Reule v. Sherwood Valley I Council of Co-owners Inc.*, 235 F. App'x 227, 227-28 (5th Cir. 2007), *cert. denied*, 552 U.S. 1320, 128 S. Ct. 1890, 170 L. Ed. 2d 761 (2008) ("[Plaintiff's] claims under §§ 3604 and 3617 of the FHA fail because they go to the

'habitability' of her condominium and not to the availability of housing."); *AHF Cmty. Dev., LLC v. City of Dallas*, 633 F. Supp. 2d 287, 302-03 (N.D. Tex. 2009) (requiring that the defendant's conduct "make housing unavailable, not merely less habitable" for claims under Section 3604(a) and (b) and Section 3617); *Terry v. Inocencio*, 3:11-CV-0660-RHT, 2014 WL 4686570, at *10 (S.D. Tex. Sept. 2, 2014) ("[T]he scope of Section 3617 tracks that of Section 3604—habitability claims are only actionable . . . if they rise to a level severe enough to make residence unavailable.").

Two cases bear out this principle. In *Cox*, black plaintiffs sued the City of Dallas, alleging that it racially discriminated by failing to police an illegally operated dump near their neighborhood. 430 F.3d at 736. The Fifth Circuit explained that Plaintiff's claims went to the "value" or the "habitability" of their houses, not to the "availability," and that recovery was not permitted. *Id.* at 740-47. Similarly, in *AHF*, the plaintiff alleged that the City of Dallas harassed the owners, managers, and residents of a predominately minority housing community. 633 F. Supp. 2d at 291, 300. The plaintiff contended that a team commissioned by the City and Dallas Police Officers "treated residents in an overbearing, obnoxious, and/or disrespectful manner" while performing a "community walk" designed to compile a list of allegedly frivolous code violations. *Id.* The Northern District of Texas held that such conduct may have made the living conditions less desirable, but did not rise to the level of constructive eviction, or otherwise implicate the availability of housing. *Id.* at 301-03.

Plaintiff's oral and written assertions that Criterion violated the Fair Housing Act by endangering women fall squarely within the holdings in *Cox* and *AHF*. Plaintiff did not insist that any women were denied access to housing. He did not complain that any women were actually subject to sexual harassment or to constructive eviction. He merely stated "that allowing

sex offenders to reside at the apartments was a danger to all female residents of The Pointe." Plaintiff's protests relate to habitability, not to availability. His complaints to Criterion would not give rise to a cognizable claim under clear Fifth Circuit authority. *See Cox*, 430 F.3d at 740-47.

Accordingly, even if the "reasonable belief" standard is viable for Fair Housing Act retaliation claims, Plaintiff's alleged subjective belief of unlawful discrimination contrary to settled law "could not have been reasonable." *Wilson*, 143 F. App'x at 613. Plaintiff has, therefore, failed to plausibly allege any activity protected by Section 3617, and Rule 12(b)(6) dismissal is appropriate.

*Conclusion*

For the reasons set forth in this opinion, Defendants' Motion to Dismiss [6] Plaintiff's federal claim is GRANTED. A separate order to that effect shall issue this day.

SO ORDERED, this the 4th day of January, 2016.

/s/ Sharion Aycock
**UNITED STATES DISTRICT JUDGE**